## No. 7748.

### A. B. FRENCH & Co. vs. THOS. H. DAVIDSON.

#### ON MOTION TO DISMISS.

The surety on the Bond given to release the property attached, does not occupy the same position as one on an Injunction bond : he is not a party to the suit, and, therefore, may be a legal surety on the Appeal Bond.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor,* J.

McGloin & Nixon for Plaintiffs and Appellees.

Singleton & Browne for Defendant and Appellant.

French & Co. vs. Davidson.

The opinion of the Court was delivered by

LEVY, J. The plaintiffs appeal from the judgment of the lower court on a rule to dismiss the appeal, on the ground of no legal surety being given on the bond. Joseph Cooper, the surety on the appeal-bond, is the same person who is surety on the bond given for the release of the property attached in the suit. The appellant, in support of his motion to dismiss the appeal, relies upon the authority cited by him, being the case of Dumas vs. Mary, 29 An. 808. In that case it was held that the security on an injunction-bond cannot be a surety on an appeal-bond, because the surety was a necessary party to the appeal, and the Court referred to the decision in 18 A. 659, Cimeo vs. Danerwheim, where the surety on the injunction-bond was the surety on the appeal-bond, and was a party to the suit, and, therefore, dismissed the appeal on the ground of his incompetency as a surety on the bond for these reasons. The same doctrine is held in 12 L. R. 383.

The surety on the bond to release the property attached does not occupy the same position as one on an injunction-bond; he is not a party to the suit. In this case his solvency or sufficiency was tested on a motion in the lower court to set aside the appeal, and he was decided to be a sufficient and solvent surety. C. P. 576.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court discharging the rule to set aside the appeal be affirmed with costs.